UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEROME TATUM,

                Petitioner,

-vs-                                              Case No.   8:10-cv-904-T-33TGW

SECRETARY, DEPT. OF CORRECTIONS,

                Respondent.
_____/

## ORDER

This cause is before the Court on Jerome Tatum's untimely-filed pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges his conviction and sentence entered by the Twelfth Judicial Circuit, Sarasota County, Florida.  A review of the record demonstrates that, for the following reasons, the petition must be **denied**.

### Background

A jury found Tatum guilty as charged of robbery with a deadly weapon in case no. 02-2056 CF. On December 3, 2002, he was sentenced to ten years incarceration, to be followed by five years probation. Tatum appealed.  Appellate counsel filed an *Anders* brief concluding there was no meritorious basis for a claim of significant reversible error. Following submission of Tatum's pro se brief, the state district court of appeal per curiam affirmed the conviction and sentence on November 21, 2003 in case no. 2D03-228. *Tatum v. State*, 869 So.2d 557 (Fla. 2d DCA  2003)[table]. Tatum filed an untimely motion for rehearing, which was denied. He did not pursue certiorari review in the United States Supreme Court.

On January 27, 2004, Tatum filed a pro se petition pursuant to Rule 9.141(c), Florida Rules of Appellate Procedure alleging that his appellate counsel had rendered ineffective

assistance. (Resp. Ex. 9). On October 6, 2004, the state district court of appeal denied the petition in case no. 2D04-451. *Tatum v. State*, 888 So. 2d 640 (Fla. 2d DCA 2004)[table].

Tatum then filed a pro se Rule 3.850 motion for postconviction relief dated November 20, 2004. (Resp. Ex. 19). The trial court summarily denied five grounds and a sixth ground was denied after an evidentiary hearing. Tatum appealed, and on March 3, 2006, the state district court of appeal per curiam affirmed the denial of postconviction relief in case no. 2D05-4081. *Tatum v. State*, 923 So. 2d 1175 (Fla. 2d DCA 2006)[table]. Following denial of rehearing, the mandate issued March 24, 2006. (Resp. Ex. 27)

Tatum improperly petitioned for further review in the Florida Supreme Court in case no. SC06-918. The Florida Supreme Court lacked jurisdiction to review the petition, and that Court dismissed Tatum's petition. *Tatum v. State*, 931 So. 2d 901 (Fla. 2006)[table].

Tatum filed another pro se Rule 3.850 motion dated June 5, 2006. The Rule 3.850 motion was dismissed as successive and abusive. Following dismissal of his motion for rehearing, Tatum appealed, and on November 8, 2006, the state district court of appeal per curiam affirmed the trial court's decision in case no. 2D06-3189. *Tatum v. State*, 944 So. 2d 994 (Fla. 2d DCA 2006)[table]. Following denial of rehearing, the mandate issued January 8, 2007.

Tatum filed a pro se motion to correct sentence dated September 6, 2006, pursuant to Fla.R.Crim.P. 3.800(a). Following denial of the motion to correct sentence, Tatum appealed, and on January 17, 2007, the state district court of appeal per curiam affirmed the denial of relief in case no. 2D06-4670. The mandate issued February 7, 2007.

Tatum filed a pro se "application" dated October 13, 2006, which was treated as a petition for writ of habeas corpus in case no. SC06-2066. After securing a response from the

State and Tatum's reply, the Florida Supreme Court, on February 26, 2007, denied the petition stating:

> The petition for writ of habeas corpus is hereby denied as procedurally barred. A petition for extraordinary relief is not a second appeal and cannot be used to litigate or relitigate issues which were or could have been raised on direct appeal or in prior postconviction proceedings. *See Breedlove v. Singletary*, 595 So. 2d 8, 10 (Fla. 1992); *Mills v. Dugger*, 574 So. 2d 63, 54 (Fla. 1990).

*Tatum v. McDonough,* 957 So.2d 636 (Fla. 2007)[table]. Rehearing was denied May 3, 2007.[1] By then, Tatum had filed a pro se motion to correct illegal scoresheet error dated March 26, 2007, which was denied on April 3, 2007. The state district court of appeal affirmed the denial of relief. *Tatum v. State*, 963 So. 2d 239 (Fla. 2d DCA 2007)[table]. Following denial of rehearing, the mandate issued September 14, 2007. (Resp. Ex. 71).

Tatum also filed a pro se motion for reduction of sentence dated September 21, 2007. That application was denied October 4, 2007.

On October 17, 2007, Tatum filed a pro se document entitled "certified questions of law" in case no. SC07-1994. The Florida Supreme Court treated the filing as a habeas corpus petition and dismissed the petition as unauthorized. *Tatum v. McDonough*, 973 So. 2d 1124 (Fla. 2007)[table].

Tatum filed another pro se Rule 3.800(a) motion dated February 14, 2008, which was denied on February 26, 2008. Tatum appealed, and the state district court of appeal per curiam affirmed the denial of relief. *Tatum v. State*, 987 So. 2d 1221 (Fla. 2d DCA 2008)[table]. The mandate issued August 18, 2008 in case no. 2D08-1400.

---

[1] By then, Tatum had filed a pro se motion "to clarify his sentence structure" dated October 20, 2006, which was denied on November 8, 2006. He did not appeal the denial of this motion.

On August 25, 2008, Tatum filed a pro se motion for postconviction relief to vacate a void judgment. On September 9, 2009, the state trial court dismissed the motion as untimely. The state court noted that claims raised in the motion were similar to, if not the same as, claims previously raised. Tatum appealed, and on February 3, 2010, the state district court of appeal per curiam affirmed the trial court's decision in case no. 2D08-5223.  Following denial of rehearing, the mandate issued March 23, 2010. By then, Tatum's improper application for Supreme Court review had been dismissed for lack of jurisdiction in case no. SC10-470. *Tatum v. State*, 32 So. 3d 622 (Fla. 2010)[table].

Previously, Tatum had filed a pro se petition for writ of mandamus dated December 30, 2009, seeking an order directing the public defender's office to respond to a public records request. The petition, filed in civil case no. 2008 CA 015218 NC, was dismissed as moot. Tatum filed a pro se certiorari petition, which was treated as the notice of appeal of the dismissal of his mandamus petition. On May 6, 2009, the state district court of appeal per curiam affirmed the denial of mandamus relief in case no. 2D08-5474. *Tatum v. State*, 8 So.3d 365 (Fla. 2d DCA 2009)[table]. The mandate issued June 24, 2009.

Tatum also filed a pro se mandamus petition in case no. SC10-12. The Florida Supreme Court directed him to show cause why the petition should not be dismissed as moot because of the state district court of appeal's ruling in case no. 2D08-5223. Tatum did not response to the order to show cause, and the Florida Supreme Court dismissed the mandamus petition as moot on May 3, 2010 in case no. SC10-12. *Tatum v. State,* 36 So. 3d 85 (2010)[table].

On May 12, 2010, Tatum filed a pro se mandamus petition in case no. 2D10-2223.  The petition was denied on May 27, 2010 in case no. 2D10-2223. *Tatum v. State*, 37 So. 3d 864 (Fla. 2d DCA  2010)[table].

**THE PRESENT PETITION**

Tatum's pro se 28 U.S.C. § 2254 petition for writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA established a one-year statute of limitations for federal habeas corpus actions. 28 U.S.C. § 2244(d)(1). Tatum's limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Subsection (2) of § 2244(d) provides that the "time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

**THE PRESENT PETITION IS TIME-BARRED**

Tatum's judgment became final upon expiration of the time for seeking certiorari review following the per curiam affirmance in his direct appeal. See Supreme Court Rule 13.3; *Nix v. Sec'y Dep't of Corr.*, 393 F.3d 1235, 1236 (11th Cir. 2004); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). By then, he had filed his January 27, 2004, Fla. R. App. P. 9.141 petition– a properly filed application within the meaning of 2244(d)(2)– which was pending until denial of the petition on October 6, 2004.

Thereafter, a period of 44 days elapsed which was not tolled until Tatum filed his pro se Rule 3.850 motion dated November 20, 2004. The Rule 3.850 motion tolling continued until the

mandate issued on March 24, 2006.[2] (Resp. Ex. 27) *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000)(under Florida law, appellate order is pending until mandate issues).

An additional period of 72 days elapsed which was not tolled until Tatum filed another pro se Rule 3.850 motion dated June 5, 2006. (Resp. Ex. 30). This Rule 3.850 motion, although dismissed as successive, constituted a statutory tolling motion. *See Artuz v. Bennett*, 531 U.S. 4, 11 (2000) (application raising procedurally barred claims was nonetheless "properly filed" for purposes of § 2244(d)(2)); *Drew v. Sec'y Dep't of Corr.*, 297 F.3d 1278, 1284 (11th Cir. 2002) (Under *Artuz*, that a motion is successive does not render it improperly filed). Tatum appealed the denial of relief. The state district court of appeal per curiam affirmed the denial of relief on November 8, 2006. *Tatum v. State*, 944 So. 2d 994 (Fla. 2d DCA 2006)[table]. The mandate issued January 8, 2007. (Resp. Ex. 39)

By then, Tatum had filed a pro se Rule 3.800(a) motion to correct illegal sentence dated September 5, 2006 (Resp. Ex. 41), which constitutes a "properly filed" motion for purposes of the AEDPA tolling statute. The trial court denied the motion and Tatum appealed. The state district court of appeal affirmed the denial of relief. *Tatum v. State*, 947 So. 2d 1174 (Fla. 2d DCA 2007)[table]. This properly filed motion tolled the limitations period until February 7, 2007, when the mandate issued in case no. 2D06-4670. (Resp. Ex. 47)

In the meantime, Tatum had filed a pro se "certified questions of law" document dated October 13, 2006, in case no. SC06-2066. Although denied as procedurally barred, Tatum's

---

[2] None of the time Tatum spent pursuing his petition for review by the Florida Supreme Court was tolled because the review application was improperly filed. *See e.g., Bismark v. Sec'y Dep't of Corr.*, 171 Fed. Appx. 278, 280 (11th Cir. 2006)(unpublished)(state prisoner's application with the Florida Supreme Court was not "properly filed" since decision affirming Rule 3.850 denial was per curiam).

pro se certified questions of law, construed collectively as a habeas petition, qualifies as a "properly filed" application for AEDPA tolling purposes. *See Thompson v. Sec'y Dep't. of Corr.*, 595 F.3d 1233, 1236 (11th Cir. 2010) (holding that state habeas petitions dismissed under *Baker*,[3] but that appeared to meet all state procedural and filing requirements on their face, were "properly filed" under § 2244(d)(2), and therefore tolled the limitations period). Tatum's construed habeas petition was no longer pending upon denial of rehearing on May 3, 2007.

Tatum had also filed a pro se motion to correct illegal scoresheet error dated March 26, 2007, which qualifies as § 2244(d)(2) tolling application. The motion was pending until the mandate issued after appeal in case no. 2D07-1780 on September 14, 2007. (Resp. Ex. 71) A period of 32 days then elapsed which was not tolled until October 17, 2007, when Tatum filed another pro se submission entitled "certified questions of law." The Florida Supreme Court construed the "certified questions of law" filing as a habeas petition, and dismissed the construed petition on December 4, 2007. (Resp. Ex. 75). However, this construed habeas petition qualifies as a statutory tolling motion based on *Artuz* and *Thompson, supra*.[4]

---

[3] *Baker v. State*, 878 So.2d 1236, 1245 (Fla.2004) (reiterating that habeas corpus cannot be used to litigate issues that could have been or were raised on direct appeal or in postconviction motions).

[4] Tatum's Rule 3.800(c) motion dated September 21, 2007, does not constitute an application for state postconviction or other collateral review within the meaning of § 2244(d)(2). *See Alexander v. Sec'y Dep't of Corr.*, 523 F.3d 1291, 1295-96 (11th Cir.2008) (examining nature of Rule 3.800(c) motion and recent precedent in determining that Rule 3 .800(c) motion was not tolling motion under § 2244(d)(2)); but see, *Kholi v. Wall*, 582 F.3d 147(1st Cir. 2009)(holding as a matter of first impression, filing of state post-conviction motion to reduce imposed sentence, in the nature of a plea for discretionary leniency, tolled AEDPA's limitations period), *cert. granted, Wall v. Kholi*, — S.Ct. ----, 2010 WL 197670 (2010). In Tatum's case, timeliness determination does not rest on whether the Rule 3.800(c) motion tolled Tatum's limitations period.

Thereafter, a period of 71 days elapsed which was not tolled until Tatum filed another pro se Rule 3.800(a) motion dated February 14, 2008 (Resp. Ex. 77), which is a § 2244(d)(2) tolling motion. *Tatum v. State*, 987 So. 2d 1221 (Fla. 2d DCA 2008)[table]. The motion was no longer pending upon issuance of the mandate in the ensuing appeal on August 18, 2008. (Resp. Ex. 85).

Tatum's pro se motion for postconviction relief to vacate a void judgment dated September 22, 2008, did not toll the limitations because the motion was untimely. (Resp. Ex. 88). The postconviction court dismissed the motion as untimely and the second district court of appeal per curiam affirmed the denial of relief in case no. 2D08-5223. *Tatum v. State*, 29 So. 3d 304 (Fla. 2d DCA 2010). The motion did not qualify as a "properly filed" application within the meaning of the tolling statute. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2)); *see also Allen v. Siebert*, 552 U.S. 3 (2007) (per curiam) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)") (internal quotations and citations omitted); *Sweet v. Sec'y Dep't of Corr.*, 467 F.3d 1311, 1318 (11th Cir. 2006)( when a state court unambiguously rules that a postconviction motion is untimely under state law, federal courts must respect that ruling and conclude that the motion was not "properly filed" for purposes of § 2244(d)(2), even if the state court alternatively holds that the motion would have otherwise failed).

None of Tatum's mandamus petitions in the state courts tolled the AEDPA limitations period because a mandamus petition does not constitute an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2). *See McClellan v. Sec'y Dep't. of Corr.*, 2009 WL 2436592 (M.D. Fla. Aug. 6, 2009)(unpublished)(mandamus petition


seeking to compel the trial court to follow the appellate court's mandate is not an application for state post-conviction or other collateral review for purposes of 2244(d)(2)). In addition, Tatum's mandamus petitions did not attack the legality of his conviction or sentence, and were not a new challenge to his conviction and sentence. Accordingly, his petitions for writ of mandamus cannot toll the limitations period. *See also, Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002)(finding a state prisoner's application to Louisiana Supreme Court for writ of mandamus, which requested that the trial court be directed to rule on prisoner's state habeas petition, was not an "application for collateral review" with respect to prisoner's conviction, and therefore, mandamus application did not toll federal habeas statute of limitations).

Additionally, Tatum's mandamus petitions in case nos. SC10-12 and 2D10-2223 had no practical tolling effect. His AEDPA limitations period had expired by the time he filed these mandamus petitions. *Cf., Hawes v. Howerton*, 335 Fed.Appx. 882, 885 (11th Cir. 2009)(unpublished)(declining to reach whether a state mandamus petition challenging parole board decision constitutes an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2) where because petitioner presented no evidence that his alleged mandamus petition was either "filed" or "properly filed" within the AEDPA's one-year limitations period).

## CONCLUSION AS TO TIME-BAR

After the mandate in case no. 2D08-1400 issued, a period of over one year elapsed which was not tolled until Tatum filed the instant petition dated April 16, 2010. (Doc. 1). The total number of days that were not tolled was 584. (44+72+32+71+365= 584 days). Therefore, Tatum's petition for writ of habeas corpus is time-barred.

seeking to compel the trial court to follow the appellate court's mandate is not an application for state post-conviction or other collateral review for purposes of 2244(d)(2)). In addition, Tatum's mandamus petitions did not attack the legality of his conviction or sentence, and were not a new challenge to his conviction and sentence. Accordingly, his petitions for writ of mandamus cannot toll the limitations period. *See also, Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002)(finding a state prisoner's application to Louisiana Supreme Court for writ of mandamus, which requested that the trial court be directed to rule on prisoner's state habeas petition, was not an "application for collateral review" with respect to prisoner's conviction, and therefore, mandamus application did not toll federal habeas statute of limitations).

Additionally, Tatum's mandamus petitions in case nos. SC10-12 and 2D10-2223 had no practical tolling effect. His AEDPA limitations period had expired by the time he filed these mandamus petitions. *Cf., Hawes v. Howerton*, 335 Fed.Appx. 882, 885 (11th Cir. 2009)(unpublished)(declining to reach whether a state mandamus petition challenging parole board decision constitutes an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2) where because petitioner presented no evidence that his alleged mandamus petition was either "filed" or "properly filed" within the AEDPA's one-year limitations period).

## CONCLUSION AS TO TIME-BAR

After the mandate in case no. 2D08-1400 issued, a period of over one year elapsed which was not tolled until Tatum filed the instant petition dated April 16, 2010. (Doc. 1). The total number of days that were not tolled was 584. (44+72+32+71+365= 584 days). Therefore, Tatum's petition for writ of habeas corpus is time-barred.

## TATUM NOT ENTITLED TO EQUITABLE TOLLING

Recently, the Supreme Court concluded that 28 U.S.C. § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549 (2010). However, the Court reiterated a "petitioner" is "entitled to equitable tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Id.* (citing *Pace*, 544 U.S. at 418). The *Holland Court* stated that the diligence required for equitable tolling purposes is "'reasonable diligence,'" *Id.* (citing *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996), not "maximum feasible diligence"). See *Starns v. Andrews*, 524 F.3d 612, 618 (5th Cir. 2008).

Tatum's case does not implicate any extraordinary circumstance beyond his control that would have prevented his accomplishing a timely federal filing with diligence. *See Helton v. Sec'y Dept. of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction").

Among his various delays, Tatum unreasonably tarried in filing his federal petition after the mandate issued in case no. 2D08-1400. Tatum does not demonstrate that he was diligent in pursuing his claims and seeking federal habeas corpus relief in a timely manner. In addition, Tatum does not allege and show any extraordinary circumstance that would entitle him to equitable tolling.

Furthermore, Tatum acknowledges that his petition is time-barred, but he claims that he is actually innocent and that his actual innocence should overcome any procedural bar to his raising his claims for relief in this Court. (Doc. 1, p 14).

**DISCUSSION**

Even if Tatum could overcome the time barrier, he must meet the AEDPA's highly deferential standards for reviewing state court judgments. *Parker v. Sec'y Dep't. Corr.,* 331 F.3d 764 (11th Cir. 2003). The AEDPA modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas retrials and to ensure state-court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685 (2002).

Under the AEDPA, a federal court may not grant a habeas corpus application "with respect to any claim that was adjudicated on the merits in state court proceedings," 28 U.S.C. § 2254(d), unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). *See Knowles v. Mirzayance,* 556 U.S. ----, ----, 129 S.Ct. 1411, 1412 (2009). This deferential standard must be applied regarding every issue the state courts decided. *Fotopoulos v. Sec'y, Dep't. of Corr.*, 516 F.3d 1229, 1232 (11th Cir. 2008).

An unreasonable application of federal law is different from an incorrect application of federal law. *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010)(citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, that application must be "objectively unreasonable." *Id.* at 409. This distinction creates "a substantially higher threshold" for obtaining relief than de novo review. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). The AEDPA thus imposes a "highly deferential standard for

evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and "demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam).

In addition, § 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court." *Robinson,* 300 F.3d at 1342. The federal court will presume the correctness of state court findings of fact unless the petitioner is able to rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

The AEDPA also erected additional barriers limiting a habeas petitioner's right to discovery or an evidentiary hearing. *Crawford v. Head*, 311 F.3d 1288, 1328-1329 (11th Cir. 2002). Under 28 U.S.C. § 2254(e)(2), if a habeas applicant "has failed to develop the factual basis of a claim in state court proceedings, the [federal] court shall not hold an evidentiary hearing on the claim" unless he shows –

    (A) the claim relies on–

    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.*

Tatum's sole ground for relief does not rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2254(e)(2)(A)(I). Nor does he rely on "a factual predicate that could not have

been previously discovered through the exercise of due diligence." *Id.* § 2254(e)(2)(A)(ii). Therefore, Tatum is not entitled to an evidentiary hearing on his ground.

### State Procedural Default Doctrine

A state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitutional claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default, *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), or the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent," as contemplated in *Murray v. Carrier*, 477 U.S. 478, 496 (1986).[5]

### Ground One

In his sole ground for relief, Tatum contends he was tried based on an erroneous factual predicate. Pointing to his charging document which alleges that he carried a pipe while in commission of the robbery, Tatum states his written judgment identifies his offense as robbery with a firearm or deadly weapon. He then claims the pipe is not a deadly weapon under state

---

[5] The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. 477 U.S. at 488.

The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Schlup*, 513 U.S. at 324.

law. He challenges the state's evidence of his guilt. To the extent he relies on his state law arguments advanced in the Florida courts, this Court does not have subject matter jurisdiction to address the claim. A claim alleging a violation of state law is not subject to review by a petition for writ of habeas corpus. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *McCullough v. Singletary*, 967 F.2d 530, 535-36 (11th Cir. 1992).

In his pro se Rule 3.800(a) motion dated February 20, 2008, Tatum claimed his judgment was void because a lead pipe is not a deadly weapon. In denying his Rule 3.800(a) motion, the state postconviction court concluded that the lead pipe constituted a deadly weapon within the meaning of § 790.001, Florida Statutes. The state district court's per curiam affirmance of the state court ruling ends inquiry into whether the lead pipe constitutes a deadly weapon under Florida law. It is not the province of a federal court to reexamine state-court determinations on state-law questions. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991). Title 28 U.S.C. § 2254 explicitly requires a federal court to entertain an application for writ of habeas corpus only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Wainwright v. Goode*, 464 U.S. 78 (1983)(citing *Engle v. Isaac*, 457 U.S. 1141 (1982)); *Smith v. Phillips*, 455 U.S. 209 (1982). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976).

In addition, ground one is unexhausted and now procedurally barred because Tatum did not raise the constitutional dimension of his claim in a timely manner at trial and then fairly present the claim on direct appeal. Tatum's not doing so resulted in a procedural default under Florida law. *See Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir.)(claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), *cert. denied*, 464 U.S. 922 (1983).

When Tatum raised a due process claim regarding his charging document, and in particular, the allegation that he carried a pipe, the state postconviction court applied state law. On that aspect of ground one, the state court decision rests on an independent and adequate state ground barring federal review. A federal court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. This rule applies whether the state law ground is substantive or procedural. *See Eagle v. Linahan*, 279 F.3d 926, 936 (11th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

With respect to Tatum's challenge to the state's underlying evidence of his guilt, he failed to exhaust his federal claim by timely raising the constitutional dimension of his claim at trial and then on direct appeal. As a result, he defaulted his claim.

Tatum's complaint regarding the jury instructions is also unexhausted and now procedurally barred. Because he could have preserved and raised a federal claim regarding the jury instructions on direct appeal, he was foreclosed from raising this claim in a Rule 3.850 motion. *Sampson v. State*, 845 So. 2d 271, 272 (Fla. 2d DCA 2003) (In Florida, claims of trial court error are foreclosed from collateral review when they could have and should have been raised on direct appeal.)

In denying Tatum's Rule 3.800(a) motion, the postconviction court found that Tatum's claim regarding the sufficiency of the state's evidence was not cognizable in a Rule 3.800(a) motion. (Resp. Ex. 78) The per curiam affirmance of this procedural ruling rests on independent and adequate procedural grounds barring federal review. Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground. *Sweet v. Sec'y Dep't. of Corr*, 467 F.3d 1311, 1316-17 (11th Cir. 2006) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).

Even if Tatum had not been foreclosed from raising any aspect of his ground in a Rule 3.850 motion, Tatum did not raise his federal claims in a timely Rule 3.850 state motion and then appeal the denial of relief. Although Tatum points to his 2008 Rule 3.850 motion, that motion was dismissed as untimely. (Resp. Ex. 88) The ensuing per curiam affirmance is presumed to rest on the untimeliness ruling. *See Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir. 1990) (clear inference to be drawn from a per curiam affirmance without written opinion is that the appellate court accepted not only the judgment but the reasoning of the trial court).

Tatum has not presented cause to excuse his defaults in state court and any allegation of cause itself is barred by the two-year limitation of Rule 3.850. *See Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.)(recognizing and applying two-year bar of Rule 3.850), *cert. denied*, 498 U.S. 834 (1990). *See also, Foster v. State*, 614 So. 2d 455, 458 (Fla. 1992); *Zeigler v. State*, 632 So. 2d 48, 51 (Fla. 1993). Not showing cause, Tatum cannot avoid his default, as the cause and prejudice components are in the conjunctive and both must be established to escape the preclusive effect of his procedural default. *Engle v. Isaac*, 456 U.S. 107 (1982).

Even if Tatum could present requisite cause to excuse his defaults, he would have to show actual prejudice, which he has failed to do. Nor does he qualify for the fundamental

miscarriage of justice exception because he has no new and reliable evidence of actual innocence. *Schlup v. Delo*, 513 U.S. at 321-322.

Accordingly, the Court orders:

That Tatum's petition is denied. The Clerk is directed to enter judgment against Tatum and to close this case

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 15, 2011.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Jerome Tatum